Before STATE INDUSTRIAL BOARD, Respondent. SADIE ZACEK, Respondent, v. UTICA GAS AND ELECTRIC COMPANY and Another, Appellants.— Motion granted as to the appeal from the decision of the State Industrial Board denying the application to reopen the case, such denial having been an exercise of discretion by said Board and not appealable. Motion as to the appeal from the award denied. No costs.

Before STATE INDUSTRIAL BOARD, Respondent. FRANCES ZAHLER, Respondent, v. BLOOMINGDALE BROS., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

## FOURTH DEPARTMENT, NOVEMBER, 1925.

KATHERINE ELIZABETH DOUGHERTY, as Sole Executrix, etc., Respondent, v. HENRY D. GALBRAITH, Appellant.

*Pleadings — complaint — defects in motion papers to amend not raised below will not be passed on by Appellate Division.*

PER CURIAM: We are of opinion that plaintiff's original complaint stated causes of action for negligence and nuisance, and that she might upon the trial have recovered on either theory, depending upon the nature of her proof. However, the plaintiff has asked to amend to amplify the allegations of the complaint as to nuisance. Having complied with the terms imposed, we think she is entitled to make such amendment. If the moving papers were technically defective it does not appear that the question was raised at Special Term, but defendant seems to have opposed the motion only on the merits. Under the circumstances, we will not consider the objections when raised here for the first time. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Taylor, JJ. Order affirmed, with ten dollars costs and disbursements.

SARAH J. HOPPER, Appellant, v. VONNON A. HOPPER and Another, Respondents.

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the Onondaga county clerk's office April 7, 1925, upon the decision of the court rendered after a trial at the Onondaga Special Term dismissing the complaint.

PER CURIAM: On the issues of fraud and mental incapacity tendered by the pleading, we find that the evidence fully sustains the conclusion of the trial justice. The purpose and construction of the assignment, whether it was given and received in payment of an account, or as collateral security only, and the condition of the account between the parties were not subjects within the purview of this litigation and are not now determined. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ. Judgment affirmed, with costs.